DAVID FELD and Another, Respondents, *v.* ROBERT SLAVEN, Appellant.

Supreme Court, Appellate Term, First Department, June 22, 1925.

Conversion — defendant, truckman, unable to deliver goods, stored them over night — proof of delivery to defendant and failure to redeliver establishes prima facie case of conversion — defendant established prima facie defense by proof that goods were burned during night — no proof of defendant's negligence or of affirmative act causing loss — complaint dismissed.

In an action for conversion against a truckman to whom had been delivered goods for transportation to a boat, the plaintiff made out a *prima facie* case by proof

of delivery of the goods and failure on the part of the defendant to redeliver, but the plaintiff cannot recover, and the complaint should be dismissed, since it appears that after the defendant had proven that he was unable to deliver the goods at the steamboat dock and had stored them over night in the garage and that the goods were burned during the night, the plaintiff failed to show that the loss was caused by defendant's negligence or by some affirmative act on the part of the defendant.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, entered in favor of plaintiffs.

*John B. Kelly,* for the appellant.

*Samuel Schleimer,* for the respondents.

PER CURIAM:

Defendant, a truckman, who had a load of plaintiffs' figs with instructions to deliver them at the Savannah line pier at four-thirty P. M., arrived too late at the pier and the steamship company refused to take the goods until the next day. The defendant then found himself in the position of a warehouseman with goods of plaintiffs. As it was after hours and he desired to carry out his instructions to put the goods on board, he stored them over night. The garage used as a storage warehouse was burned that night and the goods destroyed. Defendant's position below was that the facts introduced by the plaintiffs did not warrant the bringing of a conversion action. Defendant was wrong. A plaintiff may make a *prima facie* case of conversion by showing delivery to the bailee and a failure to redeliver upon due demand. The burden of going forward then shifts to the bailee. The bailee may make a *prima facie* defense by showing that the goods were destroyed by fire or other element, or were stolen. It then becomes the plaintiff's duty to again go forward and show that the loss was caused by the defendant's negligence or affirmative act. The defendant here, the bailee, made a *prima facie* defense. Plaintiffs did not go forward, and the complaint should have been dismissed. Were there any suggestions in the case that the defendant is at all chargeable with negligence concerning the fire we would grant a new trial. It appears undisputed, however, that defendant had no control over the warehouse which was burned and was wholly blameless in respect of the fire and the loss of the merchandise.

The judgment is reversed, with thirty dollars costs, and complaint dismissed, with costs.

All concur; present, BIJUR, MULLAN and PROSKAUER, JJ.