MARTIN F. REDDINGTON, Appellant, *v.* ELCO MERCHANDIZING CORP., INC., Respondent.

First Department, July 1, 1932.

*Jesse S. Richman,* for the appellant.

*Joseph F. Hanley* [*Henry H. Haire* with him on the brief], for the respondent.

MERRELL, J. The defense under attack is contained in the third paragraph of the answer, and is as follows:

" *Third.* That the plaintiff is not the proper party in interest herein, the plaintiff having parted with his interest in this case by virtue of a subrogation release and assignment duly executed and delivered to the Ætna Insurance Company, Inc."

This defense is not alleged as a partial defense, but as a complete defense. Plaintiff moved " upon the complaint and the answer herein " to strike out from the said answer the alleged defense therein contained on the ground that said affirmative defense was insufficient in law, or, in the alternative, that defendant be required to make the allegations contained in the third paragraph of said answer more definite and certain. Plaintiff's motion was made under rule 109 of the Rules of Civil Practice. The motion was made upon the pleadings — complaint and answer — and the court could rightfully consider the motion only upon the pleadings. The court at Special Term held that the defense alleged was sufficient and denied plaintiff's motion in the following brief opinion: " Motion denied. The separate defense is pleaded as a complete defense and can be read as only meaning that plaintiff has completely divested himself of his right of action by assignment and a subrogation clause in the policy of insurance. Whether that can be

established as a fact is immaterial on the question of the sufficiency of the plea. Plaintiff is not justified in and the court cannot accept his interpretation of the plea as reading that there was only a partial indemnity and that he retained a beneficial interest in the cause. It means just what it states and it states a complete denuding of self on the part of plaintiff."

We think the court was entirely correct in such disposition of the motion. While the short form order appealed from mentions affidavits as having been received on both sides, the court was without power to receive any affidavits on such a motion. The motion could only be heard upon the pleadings. The action was to recover damages to plaintiff's automobile caused by the alleged negligence of defendant. The defense alleged is an affirmative one and is to the effect that the plaintiff is not the proper party in interest. This is a good defense. (*Henderson* v. *Park Central Motors Service, Inc.*, 225 App. Div. 788.) The decision of the court at Special Term was not based upon any claim of appellant that the receipt by plaintiff of partial indemnity did not constitute a defense to the action. The court had no right to base its decision upon any such claim. The court properly refused to consider the question as to whether or not plaintiff had received only partial indemnity and because thereof had assigned his cause of action to the insurance company under the subrogation clause in the policy which plaintiff held. As the court at Special Term stated, the defense alleged was that the plaintiff had *entirely denuded itself* of a cause of action. In the defense it is alleged that " the plaintiff having parted with his interest in this case by virtue of a subrogation release and assignment duly executed and delivered to the Ætna Insurance Company, Inc.," was, therefore, not the proper party in interest herein. The appellant relies on the case of *Henderson* v. *Park Central Motors Service, Inc.* (225 App. Div. 788) as authority for his contention that the defense alleged was insufficient. In the *Henderson* case the allegation in the answer was very different from that in the case at bar. There the defense was not pleaded as a complete defense. It was not claimed in the answer in that case that plaintiff was not the proper party in interest, but, in substance, the allegation was that the plaintiff carried a policy of insurance, and that he made a claim thereunder, and that his claim was adjusted and paid, and that the insurance company thereupon became subrogated to the plaintiff's right, and that the plaintiff was, therefore, not the owner of the claim sued upon and " the said insurance company is a necessary party to this action." This is quite different from the defense set forth in the answer here where it is alleged that the plaintiff is not the proper party in interest herein, he having parted with his interest

in this case by virtue of the subrogation release and assignment duly executed and delivered to the Ætna Insurance Company, Inc. The allegation here is not that plaintiff's claim has been in part adjusted by the Ætna Insurance Company, Inc., but that plaintiff has parted with his interest in this case by virtue of the subrogation release and assignment duly executed and delivered to the Ætna Insurance Company, Inc. The court had no right to consider, and, evidently, from the opinion rendered, did not consider the affidavits which were presented upon the motion. The motion was made upon the complaint and answer. Nothing else should have been considered. A motion of this character must be determined on the pleadings alone. (*Welch* v. *City of Niagara Falls*, 210 App. Div. 170; *Levan* v. *American Safety Table Co., Inc.*, 222 id. 110.) For the purposes of the motion at Special Term the allegations contained in the answer must be taken as true.

The order appealed from should be affirmed, with ten dollars costs and disbursements to defendant, respondent, against plaintiff, appellant.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.