EARLE E. SIMPSON, Doing Business under the Name of SIMPSON TRANSPORTATION LINES, Plaintiff, *v.* E. WARD HARTRANFT and Another, Individually and as Copartners Doing Business under the Firm Name and Style of HARTRANFT & PADGET, and Others, Defendants.

Supreme Court, Onondaga County, November 29, 1935.

*Bond, Schoeneck & King [William Fitzpatrick* of counsel], for the plaintiff.

*Meegan & Bachman [Charles E. Spencer* of counsel], for the defendants.

CREGG, J. The above-entitled action was brought to recover damages caused by a collision between motor trucks owned by the respective parties. The defendants Hartranft and Padget also

brought an action against the plaintiff to recover damages and the two actions were consolidated. Plaintiff now makes application, on order to show cause, to bring in the Home Insurance Company of New York as a party defendant on the grounds that Hartranft & Padget have been paid by the Home Insurance Company, under a policy issued by it, the amount of their damages, less $100 reserved in the policy.

The answering affidavit admits that the Home Insurance Company had a policy of indemnity insurance on the defendants' truck and admits that it paid $2,549.11, the amount of its policy, but claims that such moneys were advanced by the Home Insurance Company and received by the defendants as a loan under a loan receipt reading as follows:

" AUTOMOBILE LOAN RECEIPT

" THE HOME INSURANCE COMPANY OF NEW YORK

" Dated *October* 3, 1932.

" Received from the Home Insurance Company, New York, the sum of $2549.11 Dollars, being a loan, without interest, pending ascertainment as to whether the circumstances pertaining to loss or damage indicated below, are of such nature that any other person or corporation may be liable or responsible for the same: 1931 Ward LaFranceBox van truck Serial No. 45B-1662-Motor No. 155 damages in collision with Brockway truck owned by Simpson Transportation Company of Syracuse, N. Y. on June 18, 1932, near Fonda, N. Y.

" In event of recovery from any person or persons, it is stipulated that the signer hereof is obligated to refund this loan to the said The Home Insurance Company, New York, at the same time and in the same proportion as such recovery shall be made.

" GUY R. PADGET

" E. WARD HARTRANFT "

The defendants claim that such advance of moneys did not operate as a payment in subrogation so as to deprive the defendants of their cause of action against the plaintiff herein and further claim that the Home Insurance Company was not subrogated to the rights of the defendants; that, therefore, the Home Insurance Company is not a proper party to be brought into this action.

Plaintiff cites the case of *Sisson* v. *Hassett* (155 Misc. 667) in support of his contention. In that case payment was made under very similar circumstances to the instant case but the agreement with the insurance company was radically different. It reads as follows:

" I hereby authorize the attorneys for General Exchange Insurance Corporation to institute suit in my behalf either in my name alone as plaintiff or in my name with General Exchange Insurance Corporation as co-plaintiff against John Hassett.

" It is understood that I am not required to pay for any legal services if there is no recovery and that I will co-operate with General Exchange Insurance Corporation and its Attorneys in collecting the evidence and preparing the case for trial, and that both the driver of my car and myself will appear at the trial as witnesses, if that is necessary.

" I further authorize the Attorney for General Exchange Insurance Corporation to compromise or settle my claim without litigation and hereby agree that the Attorney will be the sole judge in determining the advisability of settlement and that any compromise or settlement effected by him shall be binding upon and acceptable by me and that I will execute any releases or documents necessary in this connection.

" It is further understood that in the event a judgment is recovered and collected or should a compromise settlement of the claims be effected, the Attorneys will deduct their fee and expenses and I shall receive that proportion of the net amount which my claim of $50.00 bears to the total amount of the claims of the General Exchange Insurance Corporation or myself.

" Dated *Aug.* 17, 1932.                    " CHARLOTT SISSON."

In that case it was held that the insurance company was subrogated to the rights of the plaintiff and that it was a proper party to the action.

The plaintiff herein urges that to treat the transaction between the defendants and the Home Insurance Company as a loan, even though it is termed a loan, is to sanction fiction, subterfuge and fraud.   In answer to this the defendants cite *Luckenbach* v. *McCahan Sugar Co.* (248 U. S. 139, 147), the receipt in which reads as follows:

" NEW YORK, *Aug.* 15, 1912.

" Received from the Federal Insurance Company, Twenty-three hundred four and 16/100 dollars, as a loan and repayable only to the extent of any net recovery we may make from any carrier, bailee or others on account of loss to our property (described below) due to damage on S/S Julia Luckenbach from Porto Rico/Philadelphia, on or about ————————————, 190–, or from any insurance effected by any carrier, bailee or others on said property, and as security for such repayment we hereby pledge to the said Federal Insurance Company, the said recovery and deliver to them duly endorsed the bills of lading for said property and we agree to enter

and prosecute suit against said railroad, carrier, bailee, or others on said claim with all due diligence at the expense and under the exclusive direction and control of the said Federal Insurance Company.

"THE W. J. McCAHAN SUGAR REFINING CO.,

"$2,304.16                     R. S. POMEROY, *Treasurer*

"Description of property:— Sugar."

In that case if the advance of money by the insurance company was considered a payment the insured would lose its right of subrogation against a third party. The equities of the case required a holding that the money advanced was a loan. The question of the right of the insurance company to make the loan was not raised. In the instant case the question of the right of the insurance company to make the loan is raised.

If the transaction between the Home Insurance Company and the defendants could be considered a loan, in my opinion it would be illegal and void because such a loan is not one permitted to be made, in this State, by insurance companies within the meaning of section 16 of the Insurance Law.

I am also of the opinion that the advance of money to the defendants by the Home Insurance Company constituted a payment under the terms of the policy and to that extent the insurance company became subrogated to the rights of the defendants and is a necessary party in order to prevent a multiplicity of actions.

Order may be entered accordingly.