BUFFALO FOUNDRY & MACHINE COMPANY, Plaintiff, *v.* S. M. FRANK & COMPANY and Another, Defendants.

Supreme Court, Erie County, November 3, 1938.

*Shire & Jelliwek,* for the plaintiff.

*Abraham J. Goldberg,* for the defendants.

VAUGHAN, J. Motion under rule 103 of the Rules of Civil Practice to strike out from defendants' answer the first separate and distinct defense as sham and false in fact, and upon the further ground that the same would tend to hinder, delay and embarrass the plaintiff in the fair trial of said action.

The action is brought to recover damages to and loss of use of plaintiff's automobile sustained in collision with defendants' automo-

bile. Defendants set up in their answer as an affirmative defense that plaintiff was insured against such collision damage by a policy of the Pawtucket Mutual Fire Insurance Company and that plaintiff was indemnified for the loss by that company, wherefore the insurance company was subrogated to such right, if any, which the plaintiff might have against the defendants and was the real party in interest. It is this defense that plaintiff seeks to strike out.

Following the collision, it appears that plaintiff made claim against its insurance carrier for reimbursement of the amount of its loss less twenty-five dollars, the amount specified in the deductible clause of the policy of insurance.

The insurance carrier paid under the proof of loss the sum of $400 and took from the plaintiff a loan receipt which acknowledged receipt of the money " as a loan without interest and repayable only to the extent of any recovery we may make * * *, on account of loss by collision to their property * * * and we agree to enter and prosecute suit * * * on account of said claim for said loss."

Defendants urge in opposition to the motion to strike out their defense that by reason of the payment designated as a loan made by the insurance company to the plaintiff, the insurance company became subrogated to the claim of plaintiff against the defendants and thereby became the real party in interest in the place and stead of the present plaintiff. The authorities do not support such contention.

In the absence of some special agreement to the contrary, the payment by an insurance company of a loss under its policy subrogates the insurance company to the insured's claim against the alleged negligent wrongdoer.

This is not such a case. Here the money was advanced by the insurance company as a loan under a written instrument whereby the insured agreed to repay such loan to the insurance company out of any moneys recovered by the insured on account of the loss upon which the advancement or loan was made. Payment under such circumstances does not constitute payment of the loss and does not subrogate the insurance company to the insured's claim. (*Luckenbach* v. *McCahan Sugar Refining Co.*, 248 U. S. 139; *Lee* v. *Barrett*, 82 Misc. 475; *Adler* v. *Bush Terminal Co.*, 161 id. 509; affd., 250 App. Div. 730; *Irvin-Warren Clothes, Inc.*, v. *Geller*, N. Y. L. J. March 20, 1936, p. 1429; *Zaiden* v. *Salter*, 142 Misc. 439; *Ash* v. *Rhodes*, 5 N. Y. Supp. [2d] 939.)

Motion to strike out defense granted, with ten dollars costs.