UNITED MUTUAL FIRE INSURANCE COMPANY, Appellant, and BERNARD E. HYMAN, Plaintiff, *v.* METROPOLITAN DISTRIBUTORS, Respondent, and BRAGIO GRIPPA, Defendant.

Supreme Court, Appellate Term, First Department, December 28, 1938.

*John P. Smith,* for the appellant.

*Andrews, Baird & Shumate,* for the respondent.

PER CURIAM. While an injured party is the legal owner of the entire claim for property damage arising out of negligence of defendant, an insurer which had paid part of same may join with its insured as a party plaintiff in an action against the wrongdoer to have the division of damages determined. The complaint here sought only that. One equitably entitled to a portion of a recovery may join as a party plaintiff in an action at law upon an indivisible cause of action. (*General A. F. & L. Assur. Corp.* v. *Zerbe Const. Co.,* 269 N. Y. 227.) A defendant who causes an erroneous ruling of dismissal and enters a separate judgment thereon against such

insurer must suffer the consequences of its own wrongful act and will not be heard to complain that a reversal of such judgment and a new trial for the insurer will put defendant to a second defense on the same cause of action. Defendant's admission, after the erroneous dismissal, of its liability to the legal owner of the claim and the entry of judgment thereon in favor of that plaintiff also admits liability to the insurer.

Judgment reversed and judgment directed for the plaintiff insurance company for such amount as may be ascertained upon an assessment of damages before the court.

All concur. Present — LYDON, HAMMER and SHIENTAG, JJ.