ROLLAND M. PURDY, Plaintiff, *v.* JAMES E. McGARITY, Defendant.

Supreme Court, Chenango County, April 3, 1941.

*Arthur J. Ruland*, for the plaintiff.

*Janet W. Hill*, for the defendant.

DEYO, J. This is a negligence action brought by the plaintiff to recover damages to his automobile. The defendant has interposed as a separate defense the following:

" *Second.* That prior to the commencement of this action plaintiff Rolland M. Purdy, duly assigned and transferred the alleged cause of action set forth in the complaint herein, and all his right, title and interest therein to an Insurance Corporation, whose name is unknown to the defendant, and that the Insurance Corpora-

tion, at the time of the commencement of the action was, and still is, the sole owner and holder of the cause of action, and is the real party in interest herein."

It must be conceded that on its face this constitutes a good and valid defense. (*Reddington* v. *Elco Merchandizing Corp.*, 236 App. Div. 64; *Henderson* v. *Park Central Motors Service, Inc.*, 225 id. 788.) The defendant contends that affidavits may not be resorted to on this motion to test out its sufficiency. I cannot agree with this contention. This motion is not made on the ground that the defense is frivolous, and hence from its very nature determinable solely on an inspection of the pleadings (*Aupperle* v. *Doherty*, 137 Misc. 444, 445; *Horvath* v. *Brettschneider*, 131 id. 618, 620), but is made on the ground that the defense " may prejudice the fair trial of the action." It seems to me that this is akin to a motion to strike out as sham — that is to say, false in fact, though good in form — in which case affidavits are necessary and must be used. (*Fleischer* v. *Terker*, 259 N. Y. 60, 62; *Stafford* v. *Cowper Co.*, 256 App. Div. 894; *Socony-Vacuum Oil Co.* v. *City of New York*, 247 id. 163, 168; *Ballard* v. *Knapp*, 152 Misc. 215, 217; *Gilbert* v. *Burnstine*, 135 id. 305, 310; affd., 229 App. Div. 170; revd. on other grounds, 255 N. Y. 348.)

The plaintiff's affidavit denies that there is any merit in the defendant's claim that the cause of action has been assigned or that the insurance company has any interest therein and as proof of his contention presents a " loan receipt," which it is alleged, inferentially at least, sets forth the only transaction between the plaintiff and the company. This " loan receipt " provides as follows:

" Dated:

*September* 10th, 1940

" Loan Receipt

" $69.95

" RECEIVED FROM GENERAL EXCHANGE INSURANCE CORPORATION, $69.95 as a loan and repayable only to the extent of any net recovery we may make from any person or persons, corporation or corporations, on account of loss by collision to our property on or about March 23rd, 1940, or from any insurance effected by such person or persons, corporation or corporations.

" As security for such repayment, we hereby pledge to said GENERAL EXCHANGE INSURANCE CORPORATION, the said recovery and deliver to it all documents necessary to show our interest in said property, and we agree to enter and prosecute suit against such person or persons, corporation or corporations, on account of said claim for said loss, with all due diligence, at

the expense and under the exclusive direction and control of said GENERAL EXCHANGE INSURANCE CORPORATION.

"ROLLAND M. PURDY."

The defendant's answering affidavit raises no substantial question of fact, but does directly and specifically question the legality of the " loan receipt " on the ground that it constitutes " a subterfuge and an attempt subtly to conceal an assignment behind a paradoxical loan." This same objection has been raised time and again in other cases where a " loan receipt " has been involved, and yet the courts with almost perfect unanimity have upheld the legality of the " loan receipt." (*Luckenbach* v. *McCahan Sugar Co.*, 248 U. S. 139; *Kalle & Co., Inc.*, v. *Morton*, 156 App. Div. 522; affd., 216 N. Y. 655; *Adler* v. *Bush Terminal Co.*, 161 Misc. 509; affd., 250 App Div. 730; *Battaglia* v. *Horn*, 3 N. Y. Supp. [2d] 961; *Ash* v. *Rhodes*, 5 id. 939; *Buffalo Foundry & Machine Co.* v. *Frank & Co.*, 171 Misc. 999.) I am in entire accord with these decisions. I am not unmindful of the contrary decision in *Simpson* v. *Hartranft* (157 Misc. 387), which was followed in *Scarborough* v. *Bartholomew* (22 N. Y. Supp. [2d] 635), but I find nothing in the Insurance Law which would prevent a transaction similar to the one involved here.

I feel, in the words of Mr. Justice BRANDEIS, speaking for the court in the *Luckenbach* case (*supra*): " It is creditable to the ingenuity of business men that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice."

If there actually is a factual question to be determined relative to the alleged assignment of the cause of action, apart from the legal question herein decided, the defendant may still have his day 'n court by a motion to bring in the insurance company as a party plaintiff in the action.

Motion granted, with ten dollars costs. Submit order.