JOSEPH YEZEK, Plaintiff, *v.* DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Defendant.

Supreme Court, Broome County, May 29, 1941.

*John J. Dapolito*, for the plaintiff.

*Sayles, Flannery & Evans* [*Pierre Evans* and *William E. Palmer* of counsel], for the defendant.

PERSONIUS, J. The plaintiff sues in negligence for damage to his automobile sustained in a crossing accident. He carried $50 deductible automobile collision insurance with the Universal Insurance Company, filed a claim and received $245 from it. Instead of taking a receipt and release the insurer took from the plaintiff-

insured a so-called "loan agreement," reciting that the plaintiff-insured had received from the insurer $245 as a *loan to be repaid from any recovery from any other person.*

The answer for a separate defense alleges that the plaintiff carried such insurance; had been so paid by the insurer; that the insurer was thereby subrogated to the plaintiff's rights, if any, against the defendant to the extent of such payment; and that the plaintiff is not, therefore, the sole owner of the cause of action alleged. The plaintiff moves to strike out this separate defense as sham and prejudicial.

If the insurer has in fact *paid* a part of the plaintiff's claim, it is subrogated to that part and the plaintiff is not the sole owner of the cause of action. (*Sisson* v. *Hassett*, 155 Misc. 667; Civ. Prac. Act, § 210.) The plaintiff contends that the insurer has not *paid* any of his loss, but has merely made a *loan* to the plaintiff, in which event the insurer would not be so subrogated. The agreement is as follows:

" LOAN RECEIPT.

" Dated *December* 27th, 1940

" Received from the Universal Insurance Company the sum of Two Hundred Forty-Five ($245.00) as a loan to be repaid only from such recovery as may be had from any other party, person, persons, property or corporation arising from loss and or accident which occurred on or about December 18th, 1940.

" It is understood and agreed that to the end of recovery of said loan, suit may be brought in my /our name but solely at the risk and expense of the Universal Insurance Company, the said company, its attorney or representative being further authorized and empowered to compromise, adjust or otherwise dispose of said claim with irrevocable power of attorney to execute all instruments and do all things necessary toward that end.

" (signed) JOSEPH YEZEK, JR."

To constitute a loan " one party transfers to the other a sum of money which that other agrees to repay absolutely * * *. If such be the *intent* of the parties, the transaction will be considered a loan without regard to its form." (Italics ours.) (66 C. J. 181; *Matter of Grand Union Co.*, 219 Fed. 353, 356; *Luckenbach* v. *McCahan Sugar Co.*, 248 U. S. 139, 149.) Whether such a transaction constitutes a *payment* or a *loan* by the insurer to the insured has arisen in two classes of cases: (1) where the property insured and damaged is in the possession of a carrier (or warehouseman), and (2) where, as here, such property is in the possession of the insured.

In the former, the bill of lading (or warehouse receipt) provided in substance that the carrier (or warehouseman) should have the benefit of any insurance effected by the owner (shipper) on the property, and the owner's policy of insurance exempted the insurer from liability for damage for which the carrier might be liable. In case of loss, the insurer's liability was, therefore, *contingent* upon the non-liability of the carrier being first established. In order to preserve its rights against a third party (carrier) and at the same time secure prompt payment to the insured (shipper), resort was had to loan agreements which were sustained as loans. (*Luckenbach* v. *McCahan Sugar Co., supra; Adler* v. *Bush Terminal Co.*, 161 Misc. 509; affd., 250 App. Div. 730; *Kalle & Co., Inc.,* v. *Morton,* 156 id. 522; affd., 216 N. Y. 655.) In the latter class, of which the present case is one, the insurer's liability to the insured is *absolute* when the loss occurs. No shipper or other third party is involved. The insured is entitled to prompt payment without resort to a loan. The transaction is held to be a payment. (*Simpson* v. *Hartranft,* 157 Misc. 387; *Scarborough* v. *Bartholomew,* 22 N. Y. Supp. [2d] 635.) The latter holding was followed (unreported) by the Hon. BERTRAM L. NEWMAN, Chemung County Judge.

The distinction and the reasons for giving effect to the loan agreement as a loan in the carrier and warehouse cases is well stated in the *Luckenbach* case (*supra,* at p. 146), as follows: " The insurer would, in no event, be liable to the shipper, *if* the carrier was liable. In case the insurer should refuse to pay until the shipper had established that recovery against the carrier was not possible — prompt settlement for loss * * * would be defeated. If, on the other hand, the insurers should settle the loss, before the question of the carrier's liability for loss had been determined, the insurer would lose the benefit of all claims against the carrier, to which it would be subrogated in the absence of a provision to the contrary in the bill of lading * * *; and the carrier would be freed from liability to any one. In order that the shipper should not be deprived of the use of money which it was entitled to receive promptly after the loss, either from the carrier or from the insurers, and that the insurer should not lose the right of subrogation," loan agreements were entered into. Again (at p. 149): " It is essential to the performance of the insurer's service, that the insured be promptly put in funds * * *." Having in mind that the insurer's liability was contingent, the court further said of such loan agreements (p. 148): " It is clear that if valid and enforced according to their terms, they accomplish the desired purpose. They supply the shipper promptly with money to the full extent of the indemnity or compensation to

which he is entitled on account of the loss; and they preserve to the insurers the claim against the carrier to which by the general law of insurance, independently of special agreement, they would become subrogated upon payment by them of the loss."

The reasons stressed for the holding in the *Luckenbach* and similar cases, viz., (1) the fact that the insurer's liability was *contingent* upon the liability of the carrier and could not be enforced by the insured without establishing the non-liability of the carrier, and (2) the advisability of the insured's being *promptly* recompensed for his loss, do not exist here.

In *Kalle & Co., Inc.,* v. *Morton* (*supra,* 524) the court said: "If it be true, as indicated, that the policy could not have been enforced, then the insurance company had a right to exact such terms with respect to the carrier, that is, the party primarily liable to the insured, as it chose as a condition of payment." Such, however, is not true in this case. The policy was immediately enforcible. *The detour in the form of a loan was unnecessary to secure prompt payment or protect the insurer.* If it paid it was subrogated to any claim of the insured against this defendant.

We have not overlooked *Battaglia* v. *Horn* (3 N. Y. Supp. [2d] 961); *Ash* v. *Rhodes* (5 id. 939); *Buffalo Foundry & Machine Co.* v. *Frank & Co.* (171 Misc. 999), and *Purdy* v. *McGarity* (176 id. 82). They all cite *Luckenbach* v. *McCahan Sugar Co.* (*supra*), and similar cases. They do not refer to the distinction which we have attempted to point out. Apparently such distinction was not pressed.

Every action must be prosecuted in the name of the real party in interest. (Civ. Prac. Act, § 210.) One of the real parties in interest here is the Universal Insurance Company. It is entitled to receive $245 of any recovery. It was absolutely, not contingently, liable to the plaintiff therefor. It paid him. It required repayment only if he recovered of the railroad company. It provided for no interest. It took no security. It controls the action to recover. On paying the plaintiff, it was entitled to a receipt and release. It elected to take a loan agreement. However, it was "payment without regard to its form." The so-called loan was a fiction, a subterfuge unnecessary either to protect the insurer or to secure prompt payment to the insured.

The plaintiff is required to repay the "loan" only in the event that he recovers of this defendant. Suppose he fails to recover and sues the insurer on the policy for his damage, would the insurer still say it intended to make a loan, not a payment?

The motion is denied.