ROLLAND M. PURDY, Respondent, *v.* JAMES E. McGARITY, Appellant.*

Third Department, November 12, 1941.

*Janet W. Hill*, for the appellant.

*Arthur J. Ruland*, for the respondent.

HEFFERNAN, J. Defendant has appealed from an order of the Broome Special Term of the Supreme Court striking out a separate defense contained in his answer.

The automobiles of the respective parties collided on a public highway on March 23, 1940, as a result of which plaintiff instituted this action against defendant to recover $200 for the damages to his car on the theory that defendant's negligence was responsible for the collision.

---

* Revg. 176 Misc. 82.

Defendant interposed a verified answer containing a general denial and the following defense which the court below struck out: " That prior to the commencement of this action plaintiff Rolland M. Purdy, duly assigned and transferred the alleged cause of action set forth in the complaint herein, and all his right, title and interest therein to an Insurance Corporation, whose name is unknown to the defendant, and that the Insurance Corporation, at the time of the commencement of the action was, and still is, the sole owner and holder of the cause of action, and is the real party in interest herein."

Plaintiff applied under rule 103 of the Rules of Civil Practice for an order striking out this defense on the ground that it tended to prejudice a fair trial of the action. Neither rule 103 nor the statute which preceded it confers any new power on the court. Independently of the rule or the statute the court always possessed, as part of its common-law powers, a supervision and control over the forms of pleading to prevent the perversion and abuse of those forms to purposes of mere delay and injustice. It is an indispensable power to the protection and maintenance of the character of the court and the proper administration of justice.

General Exchange Insurance Corporation had a policy of indemnity insurance on plaintiff's car and paid him the sum of $69.95, representing damages to the vehicle sustained in the collision. Upon receipt of the money plaintiff executed and delivered to the insurance company the following agreement:

" Dated September 10th, 1940.

" LOAN RECEIPT

" $69.95

" Received from General Exchange Insurance Corporation, $69.95 as a loan and repayable only to the extent of any net recovery we may make from any person or persons, corporation or corporations, on account of loss by collision to our property on or about March 23rd, 1940, or from any insurance effected by such person or persons, corporation or corporations.

" As security for such repayment, we hereby pledge to said General Exchange Insurance Corporation, the said recovery and deliver to it all documents necessary to show our interest in said property, and we agree to enter and prosecute suit against such person or persons, corporation or corporations, on account of said claim for said loss, with all due diligence, at the expense and under the exclusive direction and control of said General Exchange Insurance Corporation.

" ROLLAND M. PURDY."

In support of his motion plaintiff's attorney submitted his own affidavit in which he asserted that General Exchange Insurance

Corporation had no interest in or lien upon any recovery which plaintiff might obtain against defendant. In substance, it is plaintiff's contention that the insurer has not paid his loss but has merely made a loan to him and consequently is not subrogated to plaintiff's right of action, if any, against defendant.

If the averments of the answer be true, a meritorious defense is disclosed and if established on the trial will defeat a recovery by plaintiff. The separate defense contained in the answer is pleaded as a complete defense and the plain meaning of the allegations thereof is that plaintiff has divested himself of his cause of action in favor of his insurer. An action must be prosecuted in the name of the real party in interest. (Civ. Prac. Act, § 210.)

The motion which plaintiff made is addressed to the sufficiency of the pleading and no other papers should have been considered by the Special Term. The court erred in permitting the use of affidavits. (*Reddington* v. *Elco Merchandizing Corp., Inc.,* 236 App. Div. 64; *Bomar* v. *Pasinsky,* 254 id. 322.)

The Special Term considered the affidavit of plaintiff's attorney, as apparent from its opinion, on the theory that the application of plaintiff " is akin to a motion to strike out as sham — that is to say, false in fact, though good in form, in which case affidavits are necessary and must be used."

A sham answer may be disposed of on motion and its falsity determined by affidavits. (*Fleischer* v. *Terker,* 259 N. Y. 60.)

The rules relating to sham answers are simple. A sham answer is a false answer; the terms are synonymous. In fact a sham answer is one false in fact and not pleaded in good faith, though good in form, and one setting up new matter known by the defendant to be false. In order to authorize the court to strike out an answer as sham it must be false in the sense of being a mere pretense, set up in bad faith and without color of fact. On such a motion the falsity of the answer must be made clearly to appear. To warrant the court in concluding that a defense is false, not only must the plaintiff have a clear *prima facie* case, but the proof of falsity of the defense must be clear and decisive, if not overwhelming. If the allegations of a pleading are in any way material they ought not to be stricken out on motion, and the test of materiality is whether they tend to constitute a cause of action or defense; if they do, they are not irrelevant and ought not to be suppressed.

No basis exists for holding that the answer before us is false. In fact the very document — the loan receipt — upon which plaintiff relies to establish falsity is pregnant with the admission that the insurance company is the real owner of the claim in suit. It strains our credulity too far to treat that agreement as one for

a loan. It recites that plaintiff received from its insurer " $69.95 as a loan and repayable only to the extent of any net recovery " which plaintiff " may make from any person or persons, corporation or corporations " by reason of the damage to plaintiff's car. If there be no recovery evidently plaintiff cannot be required to repay the money advanced. Not only that but in the agreement plaintiff expressly stipulates to prosecute an action against the wrongdoer " at the expense and under the exclusive direction and control " of the insurer, and pledges any recovery to it.

To say that this transaction constitutes a loan is a fiction and a sham. A like contention was made before Mr. Justice CREGG at the Onondaga Special Term in *Simpson* v. *Hartranft* (157 Misc. 387) and before Mr. Justice PERSONIUS at the Broome Special Term in *Yezek* v. *Delaware, Lackawanna & Western R. R. Co.* (176 id. 553) and in both instances was rejected.

To sustain the order under review plaintiff relies upon *Luckenbach* v. *McCahan Sugar Co.* (248 U. S. 139). That case is valueless as a precedent here. Justice PERSONIUS has so clearly and convincingly distinguished it in his opinion in the *Yezek* case that further comment on our part is unnecessary. We adopt his reasoning and conclusion. The same arguments that are made here were made and overruled in the *Simpson* and *Yezek* cases. To refute them again is but to slay the slain.

We are not impressed by the argument of plaintiff's counsel to the effect that the retention of the affirmative defense will disclose to a jury the knowledge that plaintiff is protected by a policy of indemnity insurance and hence will preclude a fair trial. We may not assume that jurors under the guidance of a courageous and impartial trial judge will stultify themselves by the rendition of a verdict based on passion or prejudice. That argument, however, should be addressed to the Legislature and not to the courts. Our duty is not to make law but to interpret it.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CRAPSER, Acting P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements.

Motion denied, with ten dollars costs.