PETER BUTERA and ESTHER M. BUTERA, Plaintiffs, *v.* BENJAMIN DONNER, Defendant.

Supreme Court, Niagara County, January 26, 1942.

*Emil L. Cohen,* for the plaintiffs.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for the defendant.

LYTLE, J. The complaint herein alleges a cause of action for personal injuries and property damage resulting from alleged negligent operation of a motor vehicle by the defendant. The defendant interposed a general denial and his time to serve an amended answer as of course has lapsed.

This is a motion by the defendant for an order permitting him to serve an amended answer which will contain in addition to the general denial an allegation that prior to the commencement of the action the plaintiffs assigned and transferred to an insurance corporation any cause of action which they might have had against the defendant by reason of damage to the plaintiffs' automobile up to the sum of $385 and that the said insurance corporation at the time of the commencement of the action was and still is the sole owner of any cause of action for property damage up to said sum and is the real party in interest with respect thereto.

There are a number of cases in this State considering the propriety of permitting an insured plaintiff to prosecute in his own name an action for damages to his automobile after he has been reimbursed in whole or in part by his insurance carrier pursuant to a type of policy generally known as collision insurance.

In *Sisson* v. *Hassett* (155 Misc. 667) the court held that the defendant was entitled to an order requiring plaintiff to amend her complaint and to bring in as a necessary party the insurer which had paid the plaintiff part of her damage. In *Simpson* v. *Hartranft* (157 Misc. 387) the court held that the insurer, upon paying a portion of the loss, became subrogated to the rights of the assured and was a necessary party in order to prevent a multiplicity of actions.

In *Ash* v. *Rhodes* (5 N. Y. Supp. [2d] 939) it was held that an insurer advancing to insured the sum due under the policy and taking back a loan receipt for repayment only to the extent of any

net recovery, was not subrogated and not a proper party plaintiff. A motion to strike out allegations of the answer that the plaintiff was not the sole owner of the subject-matter of the action was granted, and the defendant's cross-motion to bring in the insurer was denied.

In *United Mutual Fire Ins. Co.* v. *Metropolitan Distributors* (169 Misc. 1049) the court said that the insurer might join with its insured as a party plaintiff in an action at law upon an indivisible cause of action, and held the insurer was entitled to recover in an independent assessment of damages.

However, in *Buffalo Foundry & Machine Co.* v. *Frank & Co.* (171 Misc. 999) the Supreme Court, sitting in Erie county, granted a motion by the plaintiff to strike out a portion of the defendants' answer which set up as an affirmative defense that the plaintiff was insured against such collision damage by a policy of collision insurance and that the plaintiff was indemnified for the loss by that company, wherefore the insurance company was subrogated to the plaintiff's right and was the real party in interest.

In *Scarborough* v. *Bartholomew* (22 N. Y. Supp. [2d] 635) a motion by the plaintiff to strike out allegations of the answer that the plaintiff had been paid a portion of the claim by an insurance carrier and that the amount sought in the complaint should be reduced to the amount remaining was denied; the defendant's cross-motion to bring in the carrier as a party was granted.

In *Yezek* v. *D., L. & W. R. R. Co.* (176 Misc. 553) the answer for a separate defense alleged that the plaintiff carried collision insurance, had been paid by the insurer and that the insurer was thereby subrogated to the plaintiff's rights to the extent of the payment with the result that plaintiff was not the sole owner of the cause of action alleged. The court denied a motion to strike out that defense as sham and prejudicial.

In *Purdy* v. *McGarity* (262 App. Div. 623) the defendant appealed from an order of Special Term striking out a separate defense contained in his answer which was to the effect that the plaintiff had assigned and transferred the alleged cause of action to an insurance corporation and that said corporation was the sole owner and holder of the cause of action and the real party in interest. The Appellate Division, Third Department, reversed the order appealed from and held the defense good as against the motion.

Efforts have been made and doubtless will be made to distinguish among the foregoing decisions. It is true that in some cases there has been full payment of plaintiff's loss while in others there has been partial payment. It is also true that the transaction between insurer and insured has varied somewhat in its details and nomen-

clature as improvisations of insurance company attorneys have varied. The underlying situation in each instance is nevertheless practically the same.

Now that an appellate court has spoken, the first inquiry must be as to the extent and degree to which the *Purdy* case is binding upon this court. At 21 Corpus Juris Secundum, 347, 348, we read: " Where there are several appellate courts or divisions with coordinate jurisdiction, an inferior court in one division or district should follow the decisions of the appellate court of another division or district as to a matter which has not been passed upon by its own appellate court; but in case there is a conflict between the decisions of such courts or divisions an inferior court should follow the decisions of its own appellate court." This lucid statement is supported almost exclusively by citations to decisions of the courts of this State.

In *Regan* v. *Frontier Elevator & Mill Co.* (211 App. Div. 164) the Appellate Division, Fourth Department, reversed a judgment entered upon a modest verdict for the plaintiff on the ground that an impropriety had been committed when the defendant adverted at trial to the fact that compensation under the Workmen's Compensation Law awaited the plaintiff if the jury should find against him. The application of the principle enunciated by the Appellate Division of this department finds a ready application to the case at bar.

It is highly incongruous to observe the courts upon one hand guarding with the direst of sanctions against the injection into a casualty case of the fact, even the suggestion, of liability insurance covering the defendant, and on the other hand welcoming with warm hospitality the injection into a casualty case of the fact of collision insurance covering the plaintiff. In both instances, the insurer is the real party in interest; it selects and retains counsel, controls the case and profits or loses by the outcome. The same frailties of human nature that impel a jury to return a large verdict against an insured defendant are still present and quite as much at work when a jury discerns that a corporate insurer of the plaintiff is to recoup a claim it has paid.

Any distinction between the two situations is bound to be formal and legalistic. It flows from section 210 of the Civil Practice Act, which requires that every action must be prosecuted by the real party in interest, and the limitation in subdivision 2 of section 193 of the Civil Practice Act, which permits an action over against some third person who will be liable to the defendant only upon application of the defendant.

In the *Purdy* case we read to the foregoing contention this answer: " That argument, however, should be addressed to the Legislature and not to the courts. Our duty is not to make law but to interpret it " (p. 626). That may be. But without action of the Legislature, we find firmly embedded in the case law of this State the doctrine that no hint of insurance protection of a defendant may be given in an action. Indeed, the doctrine is so well established that when the fatal word " insurance " is blurted out upon the trial, the court and seasoned trial counsel as well experience the feeling that an injustice has been done and an improper element injected into the case. This judge-made doctrine is founded on necessity and justice and the same necessity and justice require that this motion be denied.

Prepare and submit an order accordingly. No costs.