DEWITT ARNOLD, Plaintiff, *v.* KENSINGTON PLAZA GARAGES, INC., Defendant.

County Court, Westchester County, February 3, 1943.

*James H. Brassel* for plaintiff.

*Fiero & Fiero* for defendant.

COYNE, J. Plaintiff moves (1) for an order striking out the affirmative defenses contained in the answer designated

" First " and " Second," pursuant to rule 109, subdivision 6, of the Rules of Civil Practice, or (2) for an order striking out the said affirmative defenses upon the ground that they are sham, frivolous, unnecessary, prejudicial, *et cetera,* under rule 103 of the Rules of Civil Practice.

The action is in negligence brought by a bailor to recover for property damage alleged to have been caused by the negligence of the defendant bailee. Plaintiff was insured against loss or damage by theft under the terms of a certain theft policy. Before passing upon the merits of the motion, consideration must first be given to the applicability of the rules relied upon by plaintiff. There is no occasion to elaborate unduly on the scope and purport of both rules. However, under rule 103, where it is not discernible from the face of the answer that the affirmative defense is a pretense, set up in bad faith, or that the allegations of the defense are not in any way material, the defense should not be stricken out on motion. The test of materiality is met if the matter alleged tends to constitute a defense. (*Purdy* v. *McGarity,* 262 App. Div. 623.) With these principles in mind, rule 103 may be applied to the first affirmative defense, but is not applicable to the second affirmative defense.

The complaint herein alleges substantially: Delivery to the bailee, a description of the subject-matter of the bailment, the payment of a consideration for the storage, breach of the bailment by the alleged negligence of the defendant, and an allegation of the damage incurred. Paragraph " 9th " of the complaint, alleging the negligence of the defendant, is denied in paragraph " Fifth " of the amended answer. In a bailment of this type, where the agreement is for the mutual benefit of both the bailor and bailee, the liability of the bailee is predicated upon the failure to exercise ordinary care of the subject-matter. (*Bunnell* v. *Stern,* 122 N. Y. 539; *Stewart* v. *Stone,* 127 N. Y. 500.) A bailee is not an insurer. (*Reisinger* v. *Pullman Co.,* 252 App. Div. 87, 89.) The failure of a bailee to return the subject of the bailment when rightfully demanded establishes negligence, presumptively. Proof that it was lost or damaged without the fault of the bailee rebuts this presumption. (*Reisinger* v. *Pullman Co., supra; Honig* v. *Riley,* 244 N. Y. 105, 110; *Galowitz* v. *Magner,* 208 App. Div. 6, 9.) The burden of proof on the entire case is upon the bailor to prove the negligence of the bailee by a fair preponderance of the credible evidence. (*Claflin* v. *Meyer,* 75 N. Y. 260; *Campbell* v. *Klein,*

52 Misc. 123; *Galowitz* v. *Magner*, *supra*; *Stewart* v. *Stone*, *supra*; *Feld* v. *Slaven*, 125 Misc. 253.) When the bailor has established a *prima facie* case, it becomes incumbent upon the bailee to explain, in order to resist, that the loss was occasioned without its negligence, or through means beyond its control. In the present instance, this evidence is provable under the denial in the answer and need not be set up affirmatively. If, in fact, the damage was occasioned through the negligence of the bailee, the mere disclaimer of liability contained in notices posted about the garage and printed on the monthly statements will not relieve the defendant from its liability on the unqualified oral bailment agreement. While ordinarily loss by theft will constitute a good defense, it will not stand in the face of proof to the effect that the negligence of the bailee contributed to and made the theft possible. (*Corrao* v. *Dewey Garage Corp.*, 24 N. Y. S. 2d 592.) The matters contained in the first affirmative defense can be proven under the denial, and accordingly are ordered stricken as unnecessary.

Passing now to the sufficiency (Rules Civ. Prac. rule 109, subdivision 6) of the second affirmative defense, it is alleged therein that the plaintiff is not the real party in interest. It is asserted that the insurer, having paid the sum of $130.53 for repairs to the car, has become subrogated to the rights of the plaintiff to that extent and must therefore prosecute the action in its own name. Under the terms of the " Settlement and Subrogation Agreement " herein, upon payment of the claim of the insured, the insurer became entitled to, and apparently did, accept a receipt and release of all liability to plaintiff under the theft policy to the extent of the payment made. No qualification was imposed by the terms of the " Settlement and Subrogation Agreement " upon the right of the insured to be compensated upon filing proper proof of loss. There is no dispute that the sum of $130.53 was paid to the insured under the policy. The agreement provides for an assignment and transfer of the claim or cause of action to the insurer absolutely, without condition. To characterize the transaction as a " Trust arrangement " under the present circumstances must be deemed a fiction. The substance of the agreement, rather than the form, points unequivocally to a finding that the insured (the plaintiff) divested himself of all interest in the cause of action. This being so, the insurer may not escape the rigor of section 210 of the Civil Practice Act, requiring that every action be prosecuted in the name of the real party in interest. The defense is sufficient, and, if supported by appropriate

proof upon the trial, will defeat the action. (*Purdy* v. *McGarity, supra; Yezek* v. *Delaware, Lackawanna & Western R. R. Co.,* 176 Misc. 553; *Sisson* v. *Hassett,* 155 Misc. 667.) Where an insurance company has paid the claim of its insured, the disclosure of the company's interest in the cause of action, while perhaps prejudicial, is nevertheless unavoidable under the statute. The insurer under the present circumstances is a necessary party plaintiff.

The motion to strike out the " First " affirmative defense under rule 103 of the Rules of Civil Practice is granted; in all other respects the motion is denied, without costs. Submit order.