JAMES W. WOODARD, Plaintiff, *v.* FRANKLIN MARX, Defendant. (Action No. 1.)

ROCCO GISONDO, Plaintiff, *v.* CONSOLIDATED RENDERING COMPANY et al., Defendants. (Action No. 2.)

JAY K. GANNETT, Plaintiff, *v.* BESSIE J. EXELBY, as Administratrix of the Estate of HARRY EXELBY, Deceased, Defendant. (Action No. 3.)

Supreme Court, Oneida County, May 12, 1943.

*Ernest P. Felt* for Franklin Marx, defendant (for motion in Action No. 1).

*Hubert C. Stratton* for Consolidated Rendering Company and others, defendants (for motion in Action No. 2).

*Howard J. Blaugrund* for plaintiffs (opposed to motions in Actions Nos. 1 and 2 and for motion in Action No. 3).

*Albert J. Monahan* for Bessie J. Exelby, as Administratrix, defendant (opposed to motion in Action No. 3).

SEARL, J. Motions are made in Actions Nos. 1 and 2 for an order directing each plaintiff to amend his complaint by adding appropriate allegations sufficient to make Calvert Fire Insurance Company a party plaintiff, as one of the real parties in interest; in Action No. 3, to strike out an allegation in the answer to the effect that plaintiff has assigned or transferred his right, title and interest to an insurance corporation, the real party in interest.

To all intents and purposes the effect of the present motions in Actions Nos. 1 and 2, to join the insurance company, is equivalent to a motion to strike out an allegation in the answer of Action No. 3, to the effect that the insurance company is the real party in interest. So far as applicable, section 210 of the Civil Practice Act provides: " Every action must be prosecuted in the name of the real party in interest, * * *."

Each of these three actions is brought to recover property damage only to a motor vehicle, in each case the presently named plaintiff being the owner of a collision policy known as a " $50.00 deductible policy ", and each having received payment for automobile property damage for an amount exceeding fifty dollars. Each has signed a so-called loan receipt providing that " Any legal proceedings are to be under the exclusive direction and control of said ' Company ' ".

Defendants maintain that by payment to each plaintiff, the insurance company became the owner of all interest in excess of fifty dollars in the claims against the defendants. Therefore, defendants say the insurance company is the real party in interest as to all sums that may be collected in excess of fifty dollars.

Here, in each case the insurance company has paid sums in varying amounts to plaintiffs, thus becoming subrogated to the amounts so paid.

If defendants are to assert any rights they may have, this being an action at law, the question must be raised at this time.

This court is confronted with two contrary decisions, namely, *Balish* v. *Advance Fuel Oil Corp.* (266 App. Div. 683 [1943, Second Department]) and *Purdy* v. *McGarity* (262 App. Div. 623 [1941, Third Department, revg. 176 Misc. 82]). This court has collated the reported as well as the unreported decisions of the various trial courts, pro and con, in *Humphrey* v. *Gawehn* (36 N. Y. S. 2d 620).

It would seem that a middle ground could well be found here that would prove no injustice to either litigant.

An examination of the form of loan receipt used in all three of the instant actions (where two different insurance companies prepared them) will disclose that a printed form is employed which may be assumed to be standard. The individual car owner " pledges to the said ' Company ' all his, * * * claims * * * and hereby delivers to said ' Company ' all documents necessary to show his * * * interest in said property." He further " appoints the managers and/or agents of the said ' Company ' his * * * attorney(s)-in-fact, with *irrevocable power,* to collect any such claim * * * * ", and to " prosecute, compromise or withdraw in his * * * name, but at the expense of the said ' Company ' * * *.''

As section 210 of the Civil Practice Act provides: " Every action must be prosecuted in the name of the real party in interest * * * ", it would appear that it is but fiction to hold where a document is all-inclusively worded, as this loan receipt is, that the company is not at least a " real party in interest ":

Then we turn the page. A corporation liability carrier for a defendant is amply protected, and properly so, by innumerable decisions to the effect that a new trial is granted in event a witness or party utters, before a jury, the word " insurance ". (*Akin* v. *Lee,* 206 N. Y. 20, 22.) Prejudicial inference even has been held sufficient to warrant a mistrial where an examining physician for defendant was asked about his services to insurance companies. (*Dietz* v. *Dinkel,* 230 App. Div. 699.)

So definitely have our courts asserted for years past the prejudicial effect of reference to insurance, as far as a defendant is concerned, so ingrained is it in our practice, that the reverse prejudice, as far as the plaintiff is concerned, cannot be denied. In other words, it is a poor rule that does not work both ways.

A decision was recently handed down by Justice LYTLE in this judicial district, in *Butera* v. *Donner* (177 Misc. 966 [1942]), in which a motion was denied to amend an answer containing an allegation that plaintiff had assigned to an insurance corporation a claim for property damage. After collating various decisions on the subject, the Justice terms as "formal and legalistic" any distinction between a defendant's or a plaintiff's insurance, saying: "It is highly incongruous to observe the courts upon one hand guarding with the direst of sanctions against the injection into a casualty case of the fact, even the suggestion, of liability insurance covering the defendant, and on the other hand welcoming with warm hospitality the injection into a casualty case of the fact of collision insurance covering the plaintiff."

Giving due consideration to the arguments presented by counsel on both sides in the instant motions, the court must now take a hand to protect innocent victims, passengers or infants, who have no interest in the niceties of insurance or subrogation, but who happen to be unfortunate enough to suffer personal injuries in one of these accidents where we are discussing coverage or recovery for property damage. Assume for the moment that A and B, car owners, driving their respective cars, collide, with some property damage, and serious injuries result to Mr. and Mrs. Passenger riding with A. Both passengers have a meritorious claim against B, being tried before a jury. A is also in court to recover his property damage, his insurance carrier having been joined with him as a party plaintiff. Counsel for B's insurance carrier adroitly urges that the jury absolve his poor individual defendant from liability and place the fault where it belongs upon A who, on the record, appears as a plaintiff with his insurance carrier, and who, if he carried property damage insurance, probably carried personal injury insurance as well. Counsel for Mr. and Mrs. Passenger can make no remark even suggesting that B has a carrier, while A's carrier is exhibited in full nakedness. One would not have to even speculate as to the result.

However, a different picture is presented in the instant case. Here defense counsel argue that the question of prejudice so far as insurance is concerned works both ways; that here the insurance company, appearing by its own attorney in all cases, is seeking to appeal to the jury ostensibly, as defense counsel puts it, in behalf of some "attractive young lady or a soldier boy in uniform", as a substitute of the real party in interest, the insurance company.

The court is, therefore, confronted with the problem of **reconciling** a provision of section 193 of the Civil Practice Act, specifying that "the court may determine the controversy as between the parties before it where it can do so *without prejudice* to the rights of others or by saving their rights", with the language of section 210 to the effect that "Every action must be prosecuted in the name of the real party in interest, \* \* \*." (All italics have been inserted.)

The fact does not appear whether personal injury or death claims are linked with the accidents out of which the instant property actions arise. However, this court sought to find a solution where such a situation was presented in the case of *Humphrey* v. *Gawehn* (36 N. Y. S. 2d 620, *supra*). As an infant's claim for damages was to be tried with the father's action, this court came to the conclusion that to bring before the jury the fact that the father had received payment from an insurance carrier on his own car would tend to prejudice or impair the fair trial of the infant's claim. An order was therefore made that if and when the insurance company fully protected the defendant against a claim by a real party in interest by delivering to the defendant an instrument under seal to the effect that the company had not assigned any of its claims for property damage paid, otherwise than to plaintiff, and certifying that it had no claims for subrogation, or otherwise, and would be bound by the determination in the action, then the allegation contained in the answer would be stricken out.

The nearest approach to a just solution of the problem seems to be this: In a case where only property damage is concerned, with a loan receipt involved, and no personal injury or derivative claims result from the same collision, which are to be tried with or at the same time as the property damage case, then upon the application of the defendant an order should be made joining the insurance company as a party plaintiff, being one of the real parties in interest (Civ. Prac. Act, § 210). If, in a similar case where no personal injury claim is alleged, an answer sets up that an insurance carrier is the real party in interest where an individual only appears as plaintiff, a motion to strike out should be denied. When, however, one of the conditions above referred to exists, by which an innocent party may suffer in the prosecution of a personal injury or derivative claim, then the relief will be granted only if the insurance carrier refuses to execute and deliver to the defendant an instrument showing that the claim has not been assigned,

that there is no claim for subrogation and that the insurance carrier will be bound by the determination in the action.

An order may be entered on each of the motions in Actions Nos. 1 and 2 directing the plaintiff to amend the complaints by adding appropriate allegations sufficient to bring in the insurance company as an additional party plaintiff, and in Action No. 3 the motion by plaintiff to strike out that portion of the defendant's answer relating to the insurance company's being the real party in interest is denied.

However, should the plaintiff in any of the actions produce proof satisfactory to the court that at the time of the occurrence of the respective accidents out of which the property damage sought to be recovered arose, a *bona fide* personal injury claim exists, which is to be 'tried with or at the same time as the property damage action, then, upon motion, the relief herein demanded should be granted, provided the plaintiff complies with such requirements as are above referred to for the protection of the defendant.

The above may appear a somewhat complicated formula, but if it is necessary to preserve substantial rights, in light of the diversity of judicial opinion, its application would seem to be justified.