HARDWARE MUTUAL CASUALTY COMPANY, Plaintiff, v. TANIS SMITH, Defendant.

City Court of Binghamton, May 6, 1949.

*Keenan, Harrison & Coughlin* for plaintiff.

*Hinman, Howard & Kattell* for defendant.

RELIHAN, J. This is a motion under section 27 of the Binghamton City Court Act (L. 1931, ch. 482) and rule 106 of the Rules of Civil Practice, to dismiss the complaint upon the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action.

The motion has been submitted upon affidavits, as well as upon the pleadings.

The action is in negligence. The complaint alleges, among other things, that a prior action had been instituted in the City Court of Binghamton, wherein Gorman Morgan was plaintiff and John L. Smith and Tanis Smith were defendants; that John L. Smith was not served and that a verdict in favor of Gorman Morgan and against the defendant, Tanis Smith, who is the defendant in this action, was rendered in the amount of $37.80.

The complaint sets forth that the accident in the Morgan action is the same accident referred to in the present action, and the complaint further sets forth that at the time of the collision between the automobiles involved, there was in effect on Morgan's automobile a policy of collision insurance in which the plaintiff agreed to indemnify Morgan for 80% of all loss, damage, or depreciation, to Morgan's automobile arising by reason of the collision. That the plaintiff has paid Morgan the sum of $151.20, on account of Morgan's loss, and that the plaintiff, Hardware Mutual Casualty Company, is subrogated to the rights of the said Morgan against the person causing the loss, in the said amount of $151.20.

It further appears that in the former trial, Keenan, Harrison & Coughlin, by J. Allen Lighthall, Esq., represented the plaintiff, and Hinman, Howard & Kattell, by Edward Terrell, Esq., of counsel, represented the defendant. In the former action Morgan's complaint demanded judgment for $250, the amount of his alleged loss. It further appeared that defendant's answer in the Morgan action set forth an affirmative defense, reading as follows: " The defendant alleges that at and prior to the commencement of this action, and at the time of the accident referred to in the complaint, the plaintiff was the owner and holder of a policy of automobile collision insurance issued to him by the Hardware Mutual Casualty Company, and, pursuant to the terms thereof, the said insurance company paid to the said plaintiff the full amount of the damage to the plaintiff's car in said accident, and for which the plaintiff herein seeks recovery; that upon the payment of said damages by the said insurance company to the plaintiff, the plaintiff duly assigned and transferred to the said insurance company all his rights, claims and causes of action against the defendant for the recovery of said damages, and that the said insurance company thereupon became, and ever since has been, the true and sole owner of the said rights, claims and causes of action; that the plaintiff, therefore, is not the real or proper party in interest in this action, and that the action, therefore, should be dismissed."

Upon the trial of the Morgan action, the plaintiff moved to amend the prayer for relief in his complaint to read $37.80 instead of $250. No objection was made to the motion and the same was granted.

The reduced claim represented Morgan's loss after the receipt by him of $151.20 from the plaintiff in this action.

Upon this motion, the defendant contends that the plaintiff Morgan '' splits '' his cause of action and that this plaintiff, therefore, cannot maintain this action.

The present plaintiff contends that defendant's proper remedy at the first trial was to make this plaintiff a party, and that by failing to so move has waived the defense of '' splitting '' a cause of action.

No objection is made to the propriety of the present motion, under section 27 of the Binghamton City Court Act and rule 106 of the Rules of Civil Practice. (See *Hartmann* v. *American Mercury,* 57 N. Y. S. 2d 791.)

There is no question that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits. (*Secor* v. *Sturges,* 16 N. Y. 548, 554; *Pearl Assur. Co.* v. *Epstein,* 295 N. Y 674.)

In *White* v. *Adler* (289 N. Y., 34, 42–43) the court said: '' The rule has been stated in *Bendernagle* v. *Cocks* (19 Wend. 207, 215) (cited in *Pakas* v. *Hollingshead,* 184 N. Y. 211) : ' If a party will sue and recover for a portion, he shall be barred of the residue.' ' The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice.' (*Kennedy* v. *City of New York,* 196 N. Y. 19, 22). Implicit in such statements of the rule is an assumption that a plaintiff who has split his causes of action has acted inequitably, knowing that he was causing unnecessary vexation to the defendant, or at least careless whether or not he causes such vexation. 'Of necessity, the splitting up of accounts, or demands, implies, on the part of the suitor, a conscious act, or knowledge.' (*Gedney* v. *Gedney,* 160 N. Y. 471, 475.) ''

It is equally true that this objection may be waived. (*Porter* v. *Lane Constr. Corp.,* 212 App. Div. 528, affd. 244 N. Y. 523.)

Defendant's memorandum on this motion at page 8, recites: '' Defendant's attorneys in the first action knew, however, through a letter from the said firm of Keenan, Harrison & Coughlin, under date of February 26, 1947, that the plaintiff in the present action claimed rights by subrogation in the amount of $151.20.''

The affidavit submitted on this motion by Mr. Lighthall states, in part, as follows: '' On information and belief, prior to the time the action was brought, the law firm of Hinman, Howard &

Kattell carried on settlement negotiations by correspondence, with the Hardware Mutual Casualty Company in an effort to settle the property damage claim. In the said correspondence, the said insurance company set forth that it had made certain payments to Gorman Morgan pursuant to the terms of its policy. The grounds of my information and the reason for my belief are photostat copies of correspondence between the said insurance company and the said law firm.''

Mr. Terrell's affidavit, also submitted upon this motion, recites in part, as follows: '' That on the 16th day of December, 1947, in the corridor contiguous to the City Court, Fifth Floor of the Municipal Building, in the City of Binghamton, prior to the said case coming on to be heard, Mr. Lighthall questioned whether your deponent would object to the addition of the Insurance Company as a party plaintiff. Your deponent informed Mr. Lighthall an objection would of necessity be taken and an adjournment requested to prepare for the new issues which would be presented by the trial of the action with the additional party plaintiff, as preparation had been made for defense of the action in accordance with the pleadings and the letter of the 8th day of December, 1947, above referred to.''

The foregoing represents the factual situation upon which this motion must be determined.

In a similar situation, Mr. Justice SANTRY in *Townsend* v. *Halbert* (194 Misc. 1033) wrote as follows:

'' If the plaintiff is entitled to recover and had no collision insurance, or if he had such insurance but has received no payment therefrom, he is entitled to recover the full amount of the damages to his automobile. If he had insurance and has received from the insurance carrier the full amount of his damages, he cannot recover anything from the defendant. If he had such insurance and has received from the insurance carrier payment for part but not all of the damages, he can recover the amount of his damages, less the amount paid by the insurance carrier.

'' If the insurance carrier has paid the plaintiff under his policy, it has been subrogated to his claim for damages against the defendant to the extent of the payment, either completely or partially, depending on whether such payment was for the full amount or only for part of the damages sustained.

'' If such payment was partial, then the cause of action against the defendant is split between the plaintiff and the insurance carrier, the latter is a necessary and proper party to this action, and may be brought in upon application by the defendant. Unless

the insurance carrier is brought in there is a defect in the parties to this action caused by the nonjoinder. (*Ocean Accident & Guar. Corp.* v. *Hooker Electrochemical Co.,* 240 N. Y. 37; *Sisson* v. *Hassett,* 155 Misc. 667; *Yezek* v. *Delaware, Lackawanna & Western R. R. Co.,* 176 Misc. 553; *Simpson* v. *Hartranft,* 157 Misc., 387.)

"It is important for the defendant to know whether there has been any reimbursement of the plaintiff for his damages, and if so, whether the same was partial or complete. From the very nature of the situation, this information is, for all practical purposes, exclusively within the control of the plaintiff. If the defendant is to be in a position to protect his interests, it will be necessary for him to obtain this information."

It seems to this court that under the facts hereinabove referred to, defendant and his attorneys had sufficient knowledge of the rights of this plaintiff at the time the original action was instituted and should have diligently protected themselves from a second action by insisting upon a joinder of this plaintiff in the Morgan lawsuit.

It is true that the plaintiff was in control of the action upon its inception. It is also true that this plaintiff might have abandoned its claim. Nevertheless, defendant's attorneys were possessed of sufficient knowledge and information concerning plaintiff's subrogated claim to have prevented this lawsuit, by making a timely objection or moving to compel a proper joinder of this plaintiff in the Morgan action, and by acquiescence, have waived their rights for dismissal of this action.

Defendant's motion to dismiss is accordingly denied, with $10 costs of this motion.