CHARLES D. HUMPHRIES, Plaintiff, v. MARION GIFFORD et al., Defendants.

County Court, Broome County, September 24, 1947.

*Hinman. Howard & Kattell* for plaintiff.

*Lloyd C. Anderson* for defendants.

McAvoy, J. Plaintiff moves under rule 109 of the Rules of Civil Practice to strike out paragraphs numbered 4 and 5 of defendants' amended answer on the ground that it appears upon the face of said defenses that the same are insufficient in law. Plaintiff makes the same motion as to such defenses under rule 103 on the ground that they tend to prejudice, embarass or delay a fair trial of the action and on the further ground that such defenses are sham.

The action is in negligence to recover for property damage to plaintiff's truck. Paragraph 4 of the amended answer sets forth that at the time of the collision the plaintiff was fully insured against the damage sued for under a policy of insurance issued by American Eagle Fire Insurance Company of New York and that after the collision and prior to the commencement of this action plaintiff was paid for his loss by said company. Paragraph 5 of said answer alleges that prior to the commencement of this action plaintiff duly assigned and transferred his alleged cause of action to said insurance company and that said company is the sole owner and holder of said cause of action and is now the real party in interest.

Plaintiff's moving affidavits set forth that any moneys received by him from the company were a loan pursuant to the terms of a so-called " Loan Receipt ", a copy of which was annexed to the moving papers, and denied the assignment or transfer of his cause of action to the insurance company.

The pertinent parts of the "Loan Receipt", signed by the plaintiff, are as follows: "Received from American Eagle Fire Insurance Co. the sum of $235.21 as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, etc. * * *

liable for the loss or damage * * * and as security for such payment the undersigned pledges to * * * the ' Company ' * * * all his claim * * * against said person * * * and any recovery thereon * * * ''.

The ''Loan Receipt'' also authorized the company to prosecute any action to recover for the loss, in plaintiff's name but at the expense of the company.

The defendants allege in their answering affidavit that before the commencement of this action plaintiff was paid in full by said insurance company for all his damage. That in consideration of such payment plaintiff assigned to the company all his interest in said claim and by virtue thereof the company became the absolute owner of the cause of action alleged in the complaint. That in consideration of this payment plaintiff released the company from any further liability under said policy, and surrendered to the company all rights to said cause of action and the proceeds thereof.

The answering affidavits further allege that the ''Loan Receipt'' was fictitious and did not represent the actual or sole and entire agreement between the plaintiff and the company but was a subterfuge to conceal the real owner of said cause of action, namely the insurance company. That the subrogation of the company to all plaintiff's rights in the cause of action was the real agreement between the parties and not the ''Loan Receipt''.

There has been much litigation involving these so-called ''Loan Receipts'' and considerable conflict in the decisions. However, the issue presented here seems to have been settled by the Court of Appeals in *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697) with a *per curiam* opinion on a motion for reargument reported in the same volume at page 865.

In that case the Special Term denied a motion by plaintiff to strike out a similar affirmative defense as sham. The Appellate Division, First Department (265 App. Div. 801), by a divided court affirmed such order. The Court of Appeals affirmed without opinion.

In its *per curiam* opinion (290 N. Y. 865) the court there stated — ''The primary question presented upon the appeal from the order denying the plaintiff's motion to strike out as 'sham' the first affirmative defense contained in the answer was whether it *conclusively* appeared that the allegations of the defendant that the plaintiff had 'duly assigned and transferred' its cause of action and is no longer the 'real party in interest' are false and cannot possibly be sustained by any proof

which may be produced. We considered and determined no other question. Until the facts are more fully disclosed the question cannot be determined whether the plaintiff is as matter of law the trustee of an express trust or for any other reason the ' real party in interest ' within the meaning of the statute.''

The instant case presents an identical situation. Until there has been a trial of the issue raised by the affirmative defense this court cannot say as a matter of law that the ''Loan Receipt'' is conclusive and that the defendant cannot possibly present proof to show that there was actually an assignment of the alleged cause of action or some other agreement between the parties.

Whether or not the defendant can prove the claims raised by his affirmative defense is beside the point. Under the issues as presented here he cannot be foreclosed of his right to try.

The holding of the Court of Appeals in the later case of *Sosnow, Kranz & Simcoe, Inc., v. Storatti Corp.* (295 N. Y. 675) is not in conflict with this opinion.

In the *Sosnow* case a similar issue raised by such affirmative defense was separately tried. *No motion was made to strike out the defense as sham.* On such trial defendant submitted oral and documentary proof tending to establish that the transaction (Loan Receipt) was not a loan but payment for a loss. The jury found for the defendant. The Appellate Division (269 App. Div. 122) reversed on the law and facts and dismissed the affirmative defenses. The Court of Appeals affirmed the Appellate Division without opinion. It is apparent that the court was of the opinion that the defendant fell short, as a matter of law, of proving by a preponderance of the evidence that the loan receipt was not what it purported to be — and found that there was no other and different agreement actually entered into between the parties.

That may be the situation in the present case after all defendants' proof is presented. However, this court cannot now so hold until defendants have been given an opportunity to prove their claims raised by the affirmative defense.

The motion of the plaintiff is, therefore, denied.