Leonard J. Crane et al., Copartners Doing Business under the Name of Crane Dairy Company, Claimants, v. State of New York, Defendants. (Claim No. 27997.)

Court of Claims, December 4, 1947.

Claim against State for negligence in construction of storm-water sewer system on State highway.

*Louis E. Krohn* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

Greenberg, J. Claimants' property was located on Franklin Street in the village of Clinton midway between the Christman and Kieffer premises, whose claims for damages were companion cases. On said premises claimants had automobile trucks, supplies, accessories and equipment, some of which were damaged and destroyed as a result of the flood which occurred the night of September 25, 1945.

In addition to the proof adduced herein, the record in the *Christman* case, Claim No. 27991 and the proof upon the trial of *Hamlin* v. *State of New York*, Claim No. 27999, constitute this record.

The damages to claimants' vehicles, etc., were proven in the sum of $1,009.25. However, the State seeks to deduct from an

award in said amount, the sum of $450 received by claimants under the provisions of comprehensive insurance policies on the ground that the insurance companies are the real parties in interest. Payment of said sum of $450 was made to the insured pursuant to the terms of " loan receipts ", whereby claimants agreed to repay the same in the event of recovery from third parties and the insurance company retained control over the legal proceedings and any adjustments.

While the rule in the Third Department had heretofore been that payment under loan agreements such as are involved herein had the effect of transferring title to the insurer (*Purdy* v. *McGarity*, 262 App. Div. 623) and that in the other departments to the contrary (*Balish* v. *Advance Fuel Oil Corp.*, 266 App Div. 683 [2d Dept.]; *Anderson* v. *Socony-Vacuum Oil Co.*, 266 App. Div. 817 [4th Dept.]; *Sosnow, Kranz & Simcoe, Inc.*, v. *Storatti Corp.*, 269 App. Div. 122 [1st Dept.]), such conflict must now be deemed settled and the assured deemed the real party interest by the affirmance in the Court of Appeals of the *Sosnow* (295 N. Y. 675) and companion decisions. (*Rudolph Wurlitzer Co.* v. *Return Loads Bureau, Inc.*, 295 N. Y. 677; *Pearl Assurance Co.* v. *Epstein*, 295 N. Y. 674.)

The findings made by the Court in *Christman* v. *State of New York* (189 Misc. 383) are embodied in this decision and made a part thereof.

The State is liable to claimant for damages sustained as a result of said flood in the sum of $1,009.25.

Let judgment be entered accordingly.