HENRY D. MERSEREAU et al., Respondents, *v.* BINGHAMTON GAS WORKS, Appellant, et al., Defendants.

E. RAYMOND BEEBE et al., Respondents, *v.* BINGHAMTON GAS WORKS, Appellant, et al., Defendants.

Third Department, January 7, 1948.

*Hinman, Howard & Kattell,* attorneys (*William L. Ransom, Jr.,* of counsel), for appellant.

*Chernin & Gold,* attorneys (*James B. Gitlitz* of counsel), for respondents.

HILL, P. J. Defendant, Binghamton Gas Works, appeals from order striking out from the answers affirmative defenses that the plaintiffs are not the real parties in interest. The complaint in each action seeks to recover damages for the negligent conduct of defendant-contractors in breaking a gas main belonging to appellant and for the negligence of the latter in making repairs, which it is asserted caused a fire and explosion damaging the plaintiff's real property. The portion of the answers which was stricken out alleged that plaintiffs were insured and that the Pioneer Fire Insurance Company of Greensville, New York, having paid the loss, became the owner by assignment and subrogation of any cause of action that existed against the defendants.

The issue of subrogation has been considered quite recently in two cases by the Court of Appeals. In *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697) the court answered in the negative a question certified by the Appellate Division (265 App. Div. 801) as follows: "Should the matter contained in the first affirmative defense in the respective answers of the defendants be stricken out as sham?", and the Court of Appeals (290 N. Y. 865) stated, in denying a motion for reargument, "Until the facts are more fully disclosed the question cannot be determined whether the plaintiff is as matter of law the trustee of an express trust or for any other reason the 'real party in interest' within the meaning of the statute." *Sosnow, Kranz & Simcoe, Inc.*, v. *Storatti Corp.* (295 N. Y. 675) deals with subrogation following a trial of that issue raised by defendant's answer. The trial court submitted to the jury the question whether the transactions between plaintiffs and the insurance companies constituted loans or payments of the losses. The jury returned a verdict in favor of the defendants. The Appellate Division, First Department (269 App. Div. 122) reversed the order of the Trial Term which directed entry of judgment for defendants. From that reversal the defendants appealed, certifying to the Court of Appeals a question as to whether the order of the Appellate Division which reversed the judgment in favor of the defendants and directed a verdict for the plaintiffs was properly made. The Court of Appeals in its decision answered the question in the affirmative, thus sustaining the claim of the plaintiffs that they were trustees of an express trust in favor of the insurance company. The Court of Appeals wrote no opinion, but the First Department in reversing the judgment in favor of defendants and ordering a directed verdict for the plaintiffs, distinguished the *Cocoa Trading* case, earlier mentioned herein, by saying that the decisions did not conflict, as the *Cocoa Trading* case involved a motion to strike from the answer as sham a defense which alleged that plaintiff was not the real party in interest. That opinion, further distinguishing the *Cocoa Trading* case, said, "In opposition to the motion, which was based on the existence of a loan agreement, the defendants' affidavit alleged as a fact that 'the said insurance company became, by subrogation and assignment from plaintiff, the absolute owner of the claim herein sued upon.' Accordingly, it did not conclusively appear that the plaintiff's cause of action had not been assigned to the insurer in addition to, and without relation to, the loan receipt."

The affidavit on behalf of the defendant-appellant herein states, "That the plaintiffs in this action have been paid in full by their respective insurers and by reason of such payment have assigned and no longer have any interest in these causes of action according to the terms of the contract of insurance, and are not the real parties in interest within the intention of Section 210 of the Civil Practice Act." Such statement seems to place this appeal in the same category with the *Cocoa Trading* case in the Court of Appeals, and *Purdy* v. *McGarity* (262 App. Div. 623) decided by this court. Upon a trial of these actions, should it appear that the plaintiffs were trustees of an express trust, they, under the authority of the *Sosnow* case, would be entitled to a directed verdict in their favor on that issue, but upon this motion to strike out a defense, the *Cocoa Trading* case, which is still an authority, requires a reversal of the orders of the Special Term.

The order should be reversed on the law and facts, with $25 costs on one appeal and disbursements.

HEFFERNAN, FOSTER and RUSSELL, JJ., concur; BREWSTER, J., taking no part.

Order reversed on the law and facts, with $25 costs on one appeal and disbursements.