MAURICE SLATER TRUCKING COMPANY, INC., Respondent, *v.* WILLIAM MAUS, Appellant.

Third Department, January 7, 1948.

*Levene & Gouldin,* attorneys for appellant.

*Kramer, Night & Wales,* attorneys for respondent.

RUSSELL, J. The defendant-appellant appeals from an order of the Supreme Court made at a Special Term for Broome County and entered in the office of the Clerk of Broome County on April 28, 1947, denying a motion of the defendant for an order requiring the plaintiff to amend its complaint to bring in as a necessary party, the Agricultural Insurance Company of Watertown, New York. The action is brought to recover for property damage sustained by the plaintiff's tractor and trailer in a collision with defendant's vehicle. The insurance company carried a fire and collision policy of insurance on plaintiff's tractor and trailer.

The collision insurer prior to the commencement of this action paid the plaintiff the sum of $1,716.03 pursuant to a "loan receipt" on a total loss by collision and fire of $2,136. The loan receipt provides that the money is to be paid the insured as a loan without interest, to be repaid out of any net recovery from the person whose negligence caused the loss. The conditions of the policy in question contained no provision that the insurer could loan the insured money pending the determination of the insured's rights against the third party with respect to loss. The policy provided for payment with respect to loss and also that "the company shall be subrogated" to all the insured's rights of recovery against person or organization.

The principal issue to be determined on this appeal is whether there has been a payment made to the plaintiff under his policy of insurance. Also involved in the issue is whether or not the case of *Purdy* v. *McGarity* (262 App. Div. 623) which held that a collision insurer is a real party in interest where it has paid the insured under a loan agreement, has been overruled by the case of *Sosnow, Kranz & Simcoe, Inc.,* v. *Storatti Corp.* (295 N. Y. 675).

In the instant case pursuant to the loan receipt the plaintiff received from the insurance company $1,716.03 "as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned [plaintiff] may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below * * *". The loan receipt further provided that as a security for such repayment "the undersigned hereby pledges to said 'Company' all his, its or their claim or claims against said person, persons, corporation or corporations or other parties, * * * and hereby delivers to said 'Company' all documents necessary to show his, its or their interest in said property. * * *". The company by said receipt, in substance, is further empowered to prosecute in the name of the plaintiff any and all legal proceedings to collect any claim at the expense and under the direction of the company.

It is apparent from the wording of this receipt that in case the plaintiff should recover in an action against the defendant that the company was to be repaid the amount it gave to the plaintiff for the loss incurred, but in case the plaintiff did not recover then the plaintiff was not obligated to repay the company.

In the *Purdy* case the policy provided for payment of the loss so that when payment was made to the insured, irrespective

of form, it constituted payment under the policy which resulted in a subrogation. No alternative for paying the loss was stated in the policy.

The *Sosnow* case involved an inland marine policy covering an owner, where the item insured was in the possession of a bailee or carrier. This policy provided that upon the occurrence of a loss the insurer had the option of either paying the loss or making a loan equivalent to the loss. There was no provision for subrogation of the insurer in this, the *Sosnow* case, but the policy provided that the insurer could maintain an action in the name of the insured against other parties believed to be liable.

In the instant case, the policy provided for payment only and in the event of any payment " the company shall be subrogated to all the insured's rights of recovery ". The fact that the policy in the *Sosnow* case provided an alternative for meeting the loss is clearly distinguishable from the *Purdy* case by the difference in the provisions of the contracts. The *Purdy* case is quite similar to the case before the court except as to the expressed provision of subrogation.

The respondent contends that in the *Sosnow* case the loan was treated by both the insured and insurer as an outright payment and therefore argues that in the instant case there is no valid reason why the parties cannot, after the execution of the contract of insurance, treat payment as a loan, although it was not provided in the policy under discussion.

Although the insuring contract is a private agreement which concerns only the insured and the insurer, and they are at liberty to vary or alter its terms, nevertheless, when the final agreement is reached the question to be answered is — who is the real party in interest in an action against a third party?

Section 210 of the Civil Practice Act provides that " Every action must be prosecuted in the name of the real party in interest * * * ". The law does not permit the real party in interest to disguise itself by the means of a fictitious instrument for its own benefit or advantage. The manner of payment might be made by a " loan receipt ", but the rights and interests of the parties are determined by the provisions of the contract and until changed they remain fixed. It provided for payment for loss and subrogation of the insurer.

One can clearly understand why the court arrived at its decision in the *Sosnow* case because of the provisions of the policy, and why the Court of Appeals answered the question certified to it in the affirmative. In deciding this motion it is necessary

to keep in mind that the Court of Appeals has stated '' The language of any opinion must be confined to the facts before the court. No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association.'' (*Dougherty* v. *Equitable Life Assurance Soc.*, 266 N. Y. 71, 88.)

The facts and circumstances surrounding the provisions of the policy in this case and the wording of the loan receipt itself, convince this court that the loan receipt was a payment for the loss sustained, which was 72% of the ceiling price.

We are, therefore, of the opinion that the insurance company is a real party in interest to the extent of the amount it paid the insured.

The order of the Special Term should be reversed and the motion of the defendant granted.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; DEYO, J., taking no part.

Order reversed, on the law and facts, and motion granted, with $25 costs and disbursements. [See *post*, p. 929.]