AMERICAN NEWS COMPANY, INC., et al., Plaintiffs, *v.* HELM'S NEW YORK-PITTSBURGH MOTOR EXPRESS, INC., Defendant.

Supreme Court, Special Term, Kings County, April 6, 1948.

*Martin Rosen* for plaintiffs.

*David Tepp* for defendant.

POWERS, J. Plaintiffs move to strike out an affirmative defense that they are not the real parties in interest. The issue involves that frequently presented to our courts in recent years arising out of insurance coverage, insurance payments and so-called " loans " on claims.

The situation herein, of which the instance of the plaintiff American News Co., Inc., is cited as typical of all of the plaintiffs, is that it received from its insurance company the sum of $752.42 covering the value of the merchandise destroyed but in the form of a " loan ". The check for such sum bore the following indorsement: " By endorsement hereof the payee acknowledges having received the amount of this draft as a loan for loss described, and repayable to the extent the payee may make " (sic) " from any carrier, bailee or others, and the payee agrees to enter and prosecute suit against said carrier, bailee or others on said claim with all due diligence at the expense and under the exclusive direction and control of the said Home Insurance Company ".

In the case of *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697, 698, reargument denied 290 N. Y. 865) an order denying plaintiff's motion to strike out an affirmative defense that plaintiff was not the real party in interest was affirmed. Such defense alleged as a fact that the insurance company, subsequent to the loss and prior to the institution of the action, had paid plaintiff in full for the damage. It contained the further allegation: " That in consideration for such payment said Insurance Company of North America, prior to the commencement of this action, was by law subrogated to and became and is the owner of the alleged cause of action in the amended complaint set forth, and prior to the commencement of this action plaintiff duly assigned and transferred said cause of action and all of its right, title and interest to any recovery therefor to said Insurance Company of North America &ast; &ast; &ast; ".

Plaintiff's affidavit, submitted in support of the motion to strike out, denied that it had assigned the cause of action to the insurance company, adding: " What actually occurred was that the plaintiff received a loan from its insurance company and signed and gave to the insurance company a loan receipt for the money so received by it, to wit: the sum of $19,562.73 &ast; &ast; &ast;. It will be seen from an examination of the said loan receipt, that the plaintiff did not transfer or assign the cause of action at any time, but expressly agreed to prosecute the suit and to repay the loan received by it out of the proceeds of the said suit."

In denying reargument the Court of Appeals, in a *Per Curiam* opinion, said: " The primary question presented upon the appeal from the order denying the plaintiff's motion to strike out as ' sham ' the first affirmative defense contained in the answer was whether it *conclusively* appeared that the allegations of the defendant that the plaintiff had ' duly assigned and transferred ' its cause of action and is no longer the ' real party in interest ' are false and cannot possibly be sustained by any proof which may be produced. We considered and determined no other question. Until the facts are more fully disclosed the question cannot be determined whether the plaintiff is as matter of law the trustee of an express trust or for any other reason the ' real party in interest ' within the meaning of the statute. (See 290 N. Y. 697.)"

Subsequent to the decision in the above case the Appellate Division of the First Department handed down its decison in the case of *Sosnow, Kranz & Simcoe, Inc.* v. *Storatti Corp.* (269 App. Div. 122 subsequently affd. without opinion, 295 N. Y. 675).

In its opinion the Appellate Division at page 127 distinguished the ruling in the *Cocoa Trading Corp.* case, (*supra*) stating: " The decision in *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697 [opinion on reargument 290 N. Y. 865]) does not conflict with that conclusion. That case involved a motion to strike out as sham a defense which alleged that the plaintiff was not the real party in interest. In opposition to the motion, which was based on the existence of a loan agreement, the defendants' affidavit alleged as a fact that ' the said insurance company became, by subrogation and assignment from plaintiff, the absolute owner of the claim herein sued upon.' Accordingly, it did not conclusively appear that the plaintiff's cause of action had not been assigned to the insurer in addition to, and without relation to, the loan receipt."

In its opposition to the motion now made, defendant's affidavit avers: " * * * prior to the commencement of this action, it [i.e. the insurance company] paid plaintiffs in full for the losses alleged in the complaint. In return, the said Home Insurance Company became by subrogation and assignment from the plaintiffs the absolute owner of the claims herein sued upon, and the assignee of all the plaintiffs' rights, if any, to recover thereunder."

I am unable to perceive any distinction between the situations so presented. The Appellate Division of the Third Department in the recent case of *Mersereau* v. *Binghamton Gas Works* (273 App. Div. 97) evidently reached a like conclusion after an appraisal of the decisions in the *Cocoa Trading Corp.* and the *Sosnow* cases (*supra*). Referring to an opposing affidavit which was substantially similar in its averments to that hereinabove recited the court in the *Mersereau* case (*supra*) concluded (page 99): " The affidavit on behalf of the defendant-appellant herein states, ' That the plaintiffs in this action have been paid in full by their respective insurers and by reason of such payment have assigned and no longer have any interest in these causes of action according to the terms of the contract of insurance, and are not the real parties in interest within the intention of Section 210 of the Civil Practice Act.' Such statement seems to place this appeal in the same category with the *Cocoa Trading* case in the Court of Appeals, and *Purdy* v. *McGarity*, (262 App. Div. 623) decided by this court. Upon a trial of these actions, should it appear that the plaintiffs were trustees of an express trust, they, under the authority of the *Sosnow* case, would be entitled to a directed verdict in their favor on that issue, but upon this motion to strike out a defense, the *Cocoa Trading*

case, which is still an authority, requires a reversal of the orders of the Special Term."

In reaching a like conclusion herein this court is not unmindful of the Second Department holding in the case of *Balish* v. *Advance Fuel Oil Corp.* (266 App. Div. 683) but must consider it in the light of the holding by the Court of Appeals in the *Cocoa Trading Corp.* case (*supra*).

In the instant case there are not presented even the customary "loan receipts" but merely "loan" indorsements on drafts which bear evidence from their language of having been hastily drawn and which in one instance manifest a joint "loan" to the insured and its attorney. The latter, it would seem, is not a contract party under the policy and his status and relation to the transaction can only be presumed. The policies in question have not been submitted and their terms are not before the court.

Motion, accordingly, at this time, is denied.