LILLIAN KATZ, Plaintiff, *v.* HOTEL MURIDA, INC., Defendant.

City Court of the City of New York, Special Term, Bronx County, April 4, 1949.

*Stanley Garten* for plaintiff.

*Jacob Patent* for defendant.

EVANS, J. Action against an innkeeper for the value of articles stolen. The defense sought to be interposed, by way of an application to be permitted to serve an amended answer, is that plaintiff was insured, and the insurance company paid her the value of the stolen articles, and, therefore, the plaintiff is not the real party in interest. In this case the insurance company paid a sum less than plaintiff's claim, and did so, under

a loan receipt, by which title to the cause of action remained in plaintiff. It has been held, in the Third Department, that such a loan receipt is the equivalent of an assignment of the cause of action (*Purdy* v. *McGarity,* 262 App. Div. 623). But, in this department, the rule is otherwise (*Sosnow, Kranz & Simcoe, Inc.,* v. *Storatti Corp.,* 269 App. Div. 122, affd. 295 N. Y. 675). It has been held that once the defense is pleaded, as of right, it may not be stricken out without some investigation to determine whether there is any basis for the defense (*Cocoa Trading Corp.* v. *Bayway Terminal Corp.,* 290 N. Y. 697, motion for reargument denied, 290 N. Y. 865). Also, when the defense has been pleaded, as of right, a separate preliminary trial as to the defense was allowed, so as to avoid the injection of the improper atmosphere of the fact of the insurance policy into the trial (*Sosnow, Kranz & Simcoe, Inc.,* v. *Storatti Corp., supra*).

But when all the facts have been developed on a motion to amend the answer, and no additional matter could be offered on a preliminary trial as to the issues raised by the proposed defense, I think it would be futile to allow the amendment, and then to have a preliminary trial thereon. True, here the defendant would be entitled to a jury trial on the preliminary issue. But, even if the jury found for defendant, the court would have to disregard their verdict, as was done in the *Sosnow* case (*supra*), because it is perfectly clear from the affidavits, the argument, and the examination of documents presented on the argument that the loan receipt here did not transfer to the insurance company the cause of action alleged in the complaint. It is also perfectly clear that plaintiff received from the insurance company much less than is demanded in the complaint, so that there is no room for the contention that plaintiff received such an amount from the insurance company as equaled her loss, and that, therefore, the loan agreement constituted an assignment of her cause of action (*Par-X Uniform Service Corp.* v. *Emigrant Ind. Sav. Bank,* 268 App. Div. 699; *Henderson* v. *Park Central Motors Service, Inc.,* 225 App. Div. 788). Even if plaintiff had received from the insurance company an amount equal to her loss, the loan agreement here is of such a nature that title to the cause of action remains in plaintiff, and, therefore she remains the real party in interest.

Motion denied.