MICHAEL USHER, Plaintiff, *v.* THOMAS WRIGHT et al., Defendants.

County Court, Rensselaer County, June 3, 1949.

*Abraham C. Goldstein* for plaintiff.

*John J. Sweeney* for defendants.

HAMM, J. This is a motion to strike out as sham the defendants' affirmative defense that the plaintiff is not the real party in interest.

A copy of the following agreement between the plaintiff and his insurance carrier is attached to the plaintiff's notice of motion:

" LOAN RECEIPT

" $1,370.00                                                          9-4-47

"Received from Pawtucket Mut. Fire Ins. Co. One thousand three hundred seventy......................Dollars, as a loan and repayable only to the extent of any net recovery we may make from any person or persons, corporation or corporations, on account of loss by theft to our property on or about 8-23-47 or from any insurance effected by such person or persons, corporation or corporations.

" As security for such repayment, we hereby pledge to said Pawtucket Mut. Fire Ins. Co. the said recovery and delivery to it of all documents necessary to show our interest in said property, and we agree to enter and prosecute suit against such person or persons, corporation or corporations on account of said claim for said loss, with all due diligence, at the expense and under the exclusive direction and control of said Pawtucket Mut. Fire Ins.

MICHAEL P. USHER "

The affirmative defense to which the motion is directed appears in the defendants' answer as follows:

" 10. Upon information and belief, that on or about the 23rd day of August, 1947, plaintiff took possession of said car and transferred title thereto and received reimbursement for his damage from his insurance carrier.

" 11. Upon information and belief, that before the commencement of this action plaintiff assigned and transferred to his said insurance carrier said alleged causes of action in the complaint

set forth, and all his right, title and interest therein; and that said insurance carrier, whose name is unknown to defendants, thereafter was, and until the commencement of this action continued to be, the sole owner and holder thereof, and the real party in interest therein.''

In their affidavit the defendants state: '' The allegations contained in paragraphs numbered ' 10 ' and ' 11 ' of the answer herein are genuine.''

The decision in *Cocoa Trading Corp., v. Bayway Terminal Corp.* (290 N. Y. 697) applies here. That case also involved a motion to strike out as sham a similar defense alleging that the plaintiff was not the real party in interest. Commenting on the *Cocoa Trading* case the First Department in *Sosnow, Kranz & Simcoe v. Storatti Corp.* (269 App. Div. 122, affd. 295 N. Y. 675) said at page 127: '' In opposition to the motion, which was based on the existence of a loan agreement, the defendants' affidavit alleged as a fact that ' the said insurance company became, by subrogation and assignment from plaintiff, the absolute owner of the claim herein sued upon.' Accordingly, it did not conclusively appear that the plaintiff's cause of action had not been assigned to the insurer in addition to, and without relation to, the loan receipt.''

In *Mersereau v. Binghamton Gas Works* (273 App. Div. 97) the defendant-appellant's affidavit stated: '' That the plaintiffs in this action have been paid in full by their respective insurers and by reason of such payment have assigned and no longer have any interest in these causes of action according to the terms of the contract of insurance, and are not the real parties in interest within the intention of Section 210 of the Civil Practice Act.'' It was held that such a statement placed the appeal in the same category with the *Cocoa Trading* case (*supra*). In the case before this court it is alleged '' that before the commencement of this action plaintiff assigned and transferred to his said insurance carrier said alleged causes of action * * * and that said insurance carrier * * * thereafter was * * * the sole owner and holder thereof, and the real party in interest therein.'' This statement creates an issue of fact which cannot be determined on a motion to strike out as sham. Moreover, the affidavit of the defendants further states: '' Defendant RICHARD WRIGHT further says that in the course of a conversation had by him with said MICHAEL USHER, plaintiff herein soon after the date of plaintiff's sustaining the said loss of his automobile said

MICHAEL USHER stated to said RICHARD WRIGHT that he, said plaintiff ' was being paid by his insurance company ' for the loss of his said automobile.''

In the *Cocoa Trading* case (*supra*) on a motion for reargument (290 N. Y. 865) the court said: ''The primary question presented upon the appeal from the order denying the plaintiff's motion to strike out as ' sham ' the first affirmative defense contained in the answer was whether it *conclusively* appeared that the alle-gations of the defendant that the plaintiff had ' duly assigned and transferred ' its cause of action and is no longer the ' real party in interest ' are false and cannot possibly be sustained by any proof which may be produced.'' In this case under consider-ation it likewise does not conclusively appear that the defend-ants' affirmative defense is '' false '' and cannot possibly be sustained by any proof which may be produced.

The court further stated: '' Until the facts are more fully disclosed the question cannot be determined whether the plaintiff is as matter of law the trustee of an express trust or for any other reason the ' real party in interest ' within the meaning of the statute. (See 290 N. Y. 697.)'' The *Sosnow* case (*supra*) did not involve a motion but rather the direction of a verdict after a trial, and, in the *Sosnow* case, all admissible evidence offered was received and, at the close of the case, there was before the court a record in which the facts in truth were '' more fully disclosed ''. Such a situation does not exist on a mere motion to strike out as sham.

The motion is denied.