**HARTFORD FIRE INSURANCE COMPANY, Plaintiff,**

v.

**COMMERCIAL UNION ASSURANCE CO., Ltd., Renardov, Inc., and Dr. Franz S. Cohn, Defendants.**

United States District Court
S. D. New York.

June 9, 1955.

Herman B. Zipser, New York City, for plaintiff.

Max J. Gwertzman, New York City, for defendant Renardov, Inc.

DAWSON, District Judge.

This is a motion under Rule 56, Fed. Rules Civ.Proc. 28 U.S.C.A., for summary judgment made by the defendant Renardov, Inc.

There were originally three defendants in the suit. The cause of action against Commercial Union Assurance Co., Ltd. has been discontinued. The cause of action against Dr. Franz S. Cohn has been dismissed by Judge Murphy as a result of a motion for summary judgment.

This leaves only the defendant Renardov, Inc. which makes the present motion.

The action was originally started in the City Court of the City of New York and then was removed to this Court upon the petition of Commercial Union Assurance Co., Ltd.

The cause of action against the defendant Renardov, Inc. alleges that the plaintiff issued its policy of insurance to Dr. Franz S. Cohn covering a certain mink coat; that said coat was delivered to the defendant Renardov, Inc.; that the garment was not returned to the owner thereof, Dr. Franz S. Cohn; that by reason of the loss of such coat, claim was made upon the plaintiff by Dr. Franz S. Cohn for payment of the sum of $4,200 pursuant to a proof of loss; that in accordance therewith, payment was duly made by the plaintiff to Dr. Franz S. Cohn in the sum of $4,200. The action by the plaintiff against Renardov, Inc. is based upon the theory that it is subrogated to the rights of Dr. Franz S. Cohn against Renardov, Inc., the bailee of the coat.

The papers submitted on this motion for summary judgment show, and the facts are not disputed, that any payment to Dr. Franz S. Cohn by plaintiff was a payment in return for a "loan receipt" dated July 24, 1951, signed by Dr. Franz S. Cohn, in which Dr. Cohn acknowledged receipt from the plaintiff of $4,200—

"as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below, or from any insurance effected on such property, and as security for such repayment the undersigned hereby pledges to the said Company, all his, its or their claim or claims against said person, persons, corporation or corporations or other parties, or from any insurance carrier or carriers, and any recovery thereon, and hereby delivers to said Company all documents necessary to show his, its or their interest in said property."

The "loan receipt" authorized the plaintiff specifically to collect any such claim or claims and to begin, prosecute, compromise or withdraw in Dr. Cohn's name, but at the expense of the plaintiff, all legal proceedings that the plaintiff might deem necessary to enforce such claim or claims, and to execute in the name of Dr. Cohn any documents that might be necessary to carry the same into effect.

The plaintiff has brought this action against Renardov, Inc. in its own name rather than in the name of Dr. Cohn. Renardov, Inc. urges that the plaintiff is not the real party in interest, and that under Section 210 of the Civil Practice Act of the State of New York, every action must be prosecuted in the name of the real party in interest. See also Rule 17, Federal Rules of Civil Procedure.

The law of New York, which is applicable in this situation, is clear. Where a party has received loans from an insurance company for the amount of a loss under an agreement providing that the loans are repayable out of any monies received by the party on account of the loss, the insurance company is not subrogated to plaintiff's claim on the loss and, therefore, the insurance company is not the "real party in interest". Balish v. Advance Fuel Oil Corporation 2d Dept., 1943, 266 App.Div. 683, 40 N.Y.S.2d 410; Home Insurance Co. v. Rosenfeld, App. Term, 1st Dept., 1945, 56 N.Y.S.2d 454.

Following the decisions above cited, there was some question raised in the Courts as to whether, in such an action brought in the name of the insured, the insurance company would have to be joined as a coplaintiff as a real and beneficial party in interest. Maurice Slater Trucking Co., Inc. v. Maus, 3rd Dept., 1948, 273 App.Div. 139, 77 N.Y.S.2d 343; Sosnow, Kranz & Simcoe, Inc., v. Storatti Corp., 1st Dept., 1945, 269 App.Div. 122, 54 N.Y.S.2d 780, affirmed, 1946, 295 N.Y. 675, 65 N.E.2d 326.

As a result of this litigation, Section 210 of the Civil Practice Act of the State of New York, which provides that every action must be prosecuted in the name of the real party in interest, was amended in 1950 so as to provide that

" . . . an insured person, corporation, joint-stock association or other unincorporated association which has executed to his insurer either a loan or subrogation receipt, trust agreement, or other similar instrument . . . may sue without joining with him the person for whose benefit the action is prosecuted.

This amendment allowed the action to be brought in the name of the insured person without joining as a plaintiff the insurance company for whose benefit the action is prosecuted. The effect of this amendment was to make it clear that suit might be brought in the name of the insured person, who had executed a loan receipt, without joining the insurance carrier as a party, even though the recovery might be for the real benefit of the insurance carrier. The amendment did not provide that the insurance carrier could sue in its own name in such a situation.

■ The law of New York appears to be clear that a person executing a loan agreement with an insurance company is still the real party in interest so far as any claim may arise for breach of bailment. In Sosnow, Kranz & Simcoe, Inc., v. Storatti Corp., supra, the Court said [269 App.Div. 122, 54 N.Y.S.2d 783]:

"We think the loan agreements by which the legal rights of the insurers and their assured were consciously and deliberately established may not be impugned by evidence tending to impair their effect. * * The parties had the right so to shape their transactions that title would reside wherever they saw fit. * *

" * * * In the present case the plaintiffs-appellants transferred to their insurers the beneficial interest in any recovery, but refrained from transferring the legal title to their claims. The controlling principle, therefore, is the same. By retaining title to the causes of action, the plaintiffs-appellants were constituted trustees of an express trust and as such are the real parties in interest to prosecute the claims."

■ Under the admitted facts in this case, and under the controlling New York decisions, the plaintiff, Hartford Fire Insurance Company, is not the real party in interest and, therefore, has no standing to bring the suit. However, that company does, under the loan agreement, have the right to cause a suit to be instituted in the name of its insured, Dr. Franz S. Cohn. The interests of justice would require that the plaintiff be allowed to prosecute the claim in the name of its insured, and for that reason, I would be ready to approve, under Rule 21, the addition of this individual as a party plaintiff.

The motion for summary judgment by the defendant Renardov, Inc. for an order dismissing the complaint is granted, unless the plaintiff shall, within twenty days from the date of the order to be entered hereon, amend the complaint to bring the action against Renardov, Inc. in the name of Dr. Franz S. Cohn. Leave to add such party and to make any amendments to the first cause of action necessitated by the addition of this party is hereby granted.

Settle order complying with Rule 56 on two days' notice.